## BOWEN et ux. v. MOUNT VERNON SAV. BANK.

### No. 6650.

United States Court of Appeals of the District of Columbia.

Decided June 15, 1936.

George C. Gertman, of Washington, D. C., for appellants.

L. Harold Sothoron, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

MARTIN, Chief Justice.

It appears from the pleadings that on May 5, 1927 the appellants, Rozsell J. Bowen and M. Bessie Bowen, his wife, executed and delivered their promissory note in the sum of $43,000 to James H. Baden and Frederick H. Cox, payable two years after date with interest. As security for the note, the Bowens executed and delivered to the Commercial National Bank of Washington, D. C. as trustee, a deed of trust upon a certain parcel of real estate situate in the District of Columbia. The property so conveyed was subject to a first trust which is senior to the trust held by the bank.

Afterwards the note held by Baden and Cox was sold and transferred by them to the Mount Vernon Savings Bank, a West Virginia corporation doing business in the District of Columbia.

It appears that afterwards the trustee, the Commercial National Bank, became insolvent, and that a receiver was appointed by the Comptroller of the Currency to take charge of its affairs.

Afterwards, on April 2, 1935, the appellee, Mount Vernon Savings Bank, filed a bill in equity in the Supreme Court of the District of Columbia reciting the foregoing facts and alleging that the Commercial National Bank, because of its insolvency, had become unable to act as trustee under the deed of trust securing the aforesaid note held by the Mount Vernon Savings Bank and praying that a substitute be appointed as such trustee and requesting that one P. Michael Cook be appointed as such substitute. The bank also prayed "that it may have such other and further relief in the premises as the court deemed proper."

In answer to this bill the Commercial National Bank appeared and admitted the truth of the statements made in the plaintiff's bill and consented to the granting of the relief requested by the plaintiff and that a substitute trustee should be appointed in its place and stead.

The appellants Mr. and Mrs. Bowen filed an answer in the case alleging that the Mount Vernon Savings Bank, although organized and previously existing under the laws of the State of West Virginia, had not done business within the District of Columbia since March, 1933, at which time, by presidential order, the bank, together with all other banks of the District of Columbia, was closed in order to determine their solvency or insolvency, and that afterwards from time to time the national and state banks within the District of Columbia were allowed to reopen and re-engage in business, but that the Mount Vernon Savings Bank has not been allowed to reopen or re-engage in business in the District of Columbia, and consequently its affairs are being managed, conserved, and liquidated by a liquidating committee or trust appointed by either the Comptroller of the Treasury or the stockholders of said bank. The defendants therefore aver that, because of these facts, the legal title and possession of the prom-

issory note in question is vested in such liquidating trust or committee, and the defendants further stated that they were entitled to a credit on either the principal or interest of the note aforesaid in the sum of $4,200, which was paid on May 8, 1929, to the Commercial National Bank and characterized as a bonus, and on which date the note was transferred to the plaintiff bank. The defendants therefore pray that the rule be dismissed.

Afterwards the court upon consideration held that the debt described in the bill remained unpaid, and adjudged, ordered, and decreed that P. Michael Cook be, and he was thereby, appointed in the place and stead of the Commercial National Bank as substituted trustee under the deed of trust named in the bill, and that the substituted trustee should be clothed with all the power and estate, both in law and in equity, in and to the property under the said deed of trust, as was vested in the original trustee named therein.

Thereupon the defendants, Mr. and Mrs. Bowen, appealed from the foregoing order to this court.

In the assignment of errors the appellants say that the court erred in granting the plaintiff relief, thereby disregarding the verified answer of the defendants.

We see no reason for disturbing the order of the lower court in the premises. The statement made in appellant's answer charging that the bank is without capacity to bring the present suit is inferential and argumentative only, and does not furnish a sufficient basis for denying the bank the right to bring this case. The sole relief applied for by it was the appointment of a trustee to serve under the deed of trust as a substitute for the trustee named in the deed which had become unable to perform the duties imposed thereby. No enforcement of the deed of trust was sought by the plaintiff, nor was any finding made by the lower court relating thereto. The sole relief sought was for the appointment of the substitute trustee under section 538 of the D.C.Code 1924 (D.C.Code 1929, T. 25, § 204). The order of the lower court in answer to the bill went no further than to appoint a substitute trustee as requested thereby. The action of the court indeed was administrative rather than judicial, and we see no merit in the appeal. It is not contended that the substitute trustee appointed by the court was incompetent or objectionable in any particular.

We therefore affirm the order of the lower court, noting, however, that its order and our decision in the present case have no relation whatever to the merits of any controversy which the parties may have concerning the note and deed of trust set out in the bill. The present decision cannot be taken as res judicata of any such issue.

Affirmed, with costs.